NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1886.

## MATTER OF WILLETS.

*In the matter of the estate of* SAMUEL WILLETS, *deceased.*

The executors of testator's will having, in pursuance of a decree, paid to themselves as trustees, a sum of money, as a fund to produce certain annuities provided for in the will, and filed their account as such trus-

tees, certain of the *cestuis que trustent* filed an objection insisting
that the income yielded by the fund in hand was excessive, and that a
portion of the principal should be restored to the residuary estate.—
·*Held*, that the objection, pointing out no error in the account, could not be
entertained, and that the relief sought could be procured, if at all, only
in an independent proceeding.

HEARING of objection to account of executors of,
and trustees under, decedent's will, interposed in pro-
ceedings for judicial settlement.

WILSON M. POWELL, *for trustees.*

GEO. H. FORSTER, *and* PERRY J. FULLER, *for objectors.*

THOMAS HARLAND, *special guardian.*

THE SURROGATE.—This testator's executors were
directed, by a decree entered in April, 1885, whereby
their accounts were settled and determined, to "pay
to themselves as trustees the sum of $400,000, as a
fund to produce the several annuities provided for in
said will." This direction they obeyed on May 1st,
1885, and on January 30th of the present year they
filed their account as trustees of the fund in question.
The will provides that that fund, and the unappropri-
ated income thereof, shall, on the decease of the an-
nuitants, as they shall respectively die, be divided
among the grandchildren of the testator who shall be
living at the time of the death of the annuitants re-
spectively; and that for the purposes of this trust the
trustees shall only retain a sum " sufficient to produce
the required amount for the remaining annuitants."

The will of Mr. Willets consists of three testamen-
tary papers. One of the articles of the first of these
instruments directs a division of the residuary estate

into six shares, and the payment of the income of such shares respectively to the testator's six grandchildren so long as they shall respectively live, and the division of the principal of each of said shares, at the time of the death of the grandchild to whom such share had theretofore yielded income, among his or her lawful issue.

As to one of these grandchildren, Mrs. Aurelia W. Leavitt, and as to her issue, the foregoing provision was revoked by a codicil; but I have heretofore determined that though Mrs. Leavitt is thus expressly excluded from sharing in the income of the residue, she will be, so long as she shall live and so long as any portion of the annuity fund shall remain in the hands of the trustees, entitled equally with the testator's other grandchildren to a portion of the surplus of that fund and of its income, as such surplus shall from time to time arise and become distributable by reason of the death of an annuitant (see Frame v. Willets, 4 *Dem.*, 368).

To the account now before the Surrogate several objections have been filed in behalf of the residuary *cestuis que trustent*. None of these objections, however, are now insisted upon except this: It is claimed that the income yielded by the $400,000 fund is much in excess of the sum necessary to feed the annuities, and that a portion of that fund therefore should be returned to the residuary estate. Counsel for the objectors asks that a reference be ordered to ascertain what portion may be thus returned without jeoparding the claims of the annuitants.

This is a matter which cannot, it seems to me, be

properly considered in the proceeding now before the court. It does not concern the correctness of the account for whose judicial settlement and determination this proceeding was brought. The objection in question does not point out any error in that account. It neither seeks to charge the trustees with amounts claimed to have been omitted by them nor to falsify items with which they ask to be credited.

If it can be shown to the court in a proper proceeding that a smaller fund than that now in the hands of the accounting parties would be amply sufficient to secure the annuities, it may be that these objectors will be found entitled to the relief which they here seek, but any inquiry that may be had in this regard should be had in a proceeding instituted for that express purpose.